CANNIZZARO, J.,
Dissenting.
Li respectfully dissent from the majority’s reversal of the trial court judgment dismissing without prejudice the medical malpractice suit instituted by the plaintiffs, Saledad and Charles Tranchant.
It is undisputed, pursuant to La. R.S. 13:5107(D), a request for service of citation can be made with the authority appointed to effectuate service of process (i.e., clerk of court, sheriffs office) by filing the request in person or via facsimile (La. R.S. 13:850) within the ninety-day statutory delay. However, as correctly noted by the majority, La. R.S. 13:5107(D) does not mandate that the request for service be formally filed within the delay. In drafting La. R.S. 13:5107(D), the Louisiana Legislature clearly anticipated the request for service could be made in a manner other than in writing. As evidence, while the statute expressly provides the waiver of the service requirements be written, it does not require such with respect to the provision of notice. Accordingly, notice of service of citation may be made pursuant to a telephone call. In any event, whether the request for service is made through formal filing in person, facsimile filing, or by telephone, in each instance, |2the authority appointed to effectuate service must receive notice within the ninety-day delay for compliance under La. R.S. 13:5107(D).
With this observation, in order for the application of La. R.S. 13:5107(D) to prevent potential abuse or fraudulent practice, it is reasonable to conclude that the clerk of court or sheriffs office executing service would have to receive actual notice within the ninety-day requirement. Blacks Law Dictionary, 8th Edition (1999) defines “actual notice” as “... notice expressly and actually given, and brought home to the party directly ... [Emphasis added.].” In the instant matter, while all parties concede counsel for the plaintiffs transmitted the request via the postal service within the ninety-day period, the clerk did not. actually receive notice of the request within the specified delay. If the mere act of mailing the notice within the ninety-day period would in and of itself constitute compliance under La. R.S. 13:5107(D), the Legislature would have expressly provided for such. See e.g., Supreme Court Rule VII, Sec. 9[1]; Courts of Appeal Rule 2-13[2].
*1182 This position does not contravene the Louisiana Supreme Court’s ruling in Wilborn v. Vermillion Parish Police Jury, 04-1074 (La.7/2/04), 877 So.2d 985. In Wilbom, the trial court concluded the plaintiffs’ notice of service of their citation was satisfied under La. R.S. 13:5107(D), although they did not fully comply with the facsimile filing requirements set forth in La. R.S. 13:850. Based on the fáilure to comply with the facsimile filing requirements, the court of appeal reversed the trial court’s ruling and dismissed the plaintiffs’ action. The Supreme Court reversed the appellate court and reinstated the lower court ruling finding the notice of citation to be compliant with La. R.S. 13:5107(D), regardless of whether the plaintiffs satisfied the requirements of La. R.S. 13:850. The trial court and Supreme Court were cognizant that, unlike in the instant case, the clerk of court received actual notice of the request of service within the ninety-day period. Thus, I find misplaced the majority’s reliance on Wil-bom for the proposition that, like the filing requirement, receipt of the notice within the ninety-day delay is not statutorily mandated for service of a citation under La. R.S. 13:5107(D).
As such, I can not say the trial court erred in dismissing the plaintiffs’ action.

. Supreme Court Rule VII, Sec. 9 provides; Briefs sent through the mail shall be deemed timely filed if mailed on or before the due date. If the brief is received by mail on the first legal day following the expiration of the delay, there shall be a rebuttable presumption that it was timely filed. In all cases where the presumption does not apply, the timeliness of the mailing shall be shown only by an official United States postmark or by official receipt or certificate from the United States Postal Service made at the time of mailing which indicates the date thereof. For the purpose of this rule, the term "by mail” applies only to the United States Postal Service.

. Courts of Appeal Rule 2-13 provides:
All papers to be filed in a Court of Appeal shall be filed with the clerk. Filing may be accomplished by delivery or by mail addressed to the clerk. The filing of such papers shall be deemed timely when the papers are mailed on or before the due date. If the papers are received by mail on the first legal day following the expiration of the delay, there shall be a rebuttable presumption that they were timely filed. In all cases where the presumption does not apply, the timeliness of the mailing shall be shown only by an official United States postmark or cancellation stamp or by official receipt or certificate from the United States Postal Service or bonafide commercial mail services, such as Federal Express *1182 or United Parcel Service, made at the time of mailing which indicates the date thereof. Any other dated stamp, such as a private commercial mail meter stamp, shall not be used to establish timeliness.